O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE C. BROWN,<br><br>        Petitioner,<br><br>    vs.<br><br>TIM VIRGA, Warden,<br><br>        Respondent. | Case No. CV 08-8405-SVW (DTB)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation ("Objs.") have been filed by respondent herein.

     Respondent's objections are directed, *inter alia*, to the Magistrate Judge's conclusion that Ground Two of the FAP was exhausted in the state court. In Ground Two, petitioner asserts that a competency hearing should have been held prior to petitioner's guilty plea. Petitioner did not expressly raise a stand-alone claim in the California Supreme Court that generally corresponded with Ground Two of the FAP. Rather, petitioner alleged in the Conclusion section of his state habeas petition to the California Supreme Court that he was mentally ill and that, "given <u>his condition is a perfect cover-up that his plea entered</u> into was knowingly or intelligently made, for

1

1  it may have been induced (<u>Boykin v. Alabama</u> (1969) 395 U.S. 238, 89 S. Ct. 1709,
2  23 L. Ed. 2d 274 (see mental health records)." (Lodgment No. 9 at 10 (emphasis in
3  original).) Petitioner attached copies of his mental health records to his California
4  Supreme Court habeas petition. Petitioner made a similar allegation in the Conclusion
5  section of the Petition filed herein. After counsel was appointed in this action,
6  petitioner filed his FAP. In Ground Two of his FAP, petitioner claims that his due
7  process rights were violated because a competency hearing should have been
8  conducted due to his mental illness prior to the entry of his guilty plea. (FAP at 13-
9  14.)

10      In the Report and Recommendation, the Magistrate Judge found and concluded
11 that petitioner's allegations in the California Supreme Court, along with his citation
12 to <u>Boykin</u> and his submission of mental health records, fairly apprised the California
13 Supreme Court that petitioner claimed his mental health may have adversely affected
14 his ability to enter a valid guilty plea. As such, the Magistrate Judge concluded that
15 Ground Two of the FAP was exhausted.

16      In his objections to the Report and Recommendation, respondent argues, in part,
17 that Ground Two of the FAP has only a "superficial connection to the claim the
18 Magistrate Judge found had been exhausted before the California Supreme Court"
19 because the two claims are distinct. (Objs. at 8-9.) Specifically, respondent argues
20 that, Ground Two of the FAP expressly challenges the failure to conduct a
21 competency hearing prior to entry of the guilty plea, while in the California Supreme
22 Court, petitioner challenged the knowing and intelligent nature of his guilty plea based
23 on his mental incompetency, but did not expressly claim that a hearing should have
24 been held to determine his competency to enter the plea. (<u>Id.</u>) Therefore, according
25 to respondent, Ground Two of the FAP was not presented to the California Supreme
26 Court. (<u>Id.</u>) The Court disagrees.

27      For purposes of exhaustion, pro se petitions are held to a more lenient standard
28 than counseled petitions. <u>Sanders v. Ryder</u>, 342 F.3d 991, 999 (9th Cir. 2003). As the

2

Supreme Court has explained, the complete exhaustion requirement is not intended to "trap the unwary pro se prisoner." Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (emphasis in original). A habeas petitioner may "reformulate somewhat the claims made in state court" as long as "the substance of the federal claim is fairly presented." Miller v. Rowland, 999 F.2d 389, 391 (9th Cir. 1993) (per curiam); see also Picard v. Conner, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (explaining that a claim that an indictment was invalid was not the substantial equivalent of a claim that it resulted in unconstitutional discrimination); Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000); Weaver v. Thompson, 197 F.3d 359, 365 (9th Cir. 1999). A claim will be exhausted if "the ultimate question for disposition" remains the same despite variations in the legal theory or factual allegations urged in its support. Picard, 404 U.S. at 277. For instance, a challenge to a confession predicated on alleged psychological coercion does not raise a different ground than does one predicated on alleged physical coercion. Id. (citing Sanders v. United States, 373 U.S. 1, 16, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963)).

Here, under the liberal reading due all pro se petitions, the Magistrate Judge properly construed Ground Two of the FAP as having been exhausted and fairly presented to the state court. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (per curiam); Miller, 999 F.2d at 391. Determining the propriety of a guilty plea involves a two-part inquiry: First, the court must determine whether the defendant has the ability to understand the proceedings (the competency inquiry); and second, the court must determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced (the "knowing and voluntary" inquiry). Godinez v. Moran, 509 U.S. 389, 400-401, n.12, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993). As such, while the two inquiries may be distinct, a petitioner who was incompetent at the time of his guilty

plea, could not have entered a knowing and intelligent plea. In such an instance, the two inquiries turn on a single factual issue, namely, whether a petitioner was mentally competent to enter the guilty plea. In the instant case, although petitioner characterized his claim before the California Supreme Court as challenging his guilty plea on the grounds that it was not "knowingly or intelligently made" as a result of his mental illness while in the FAP he challenges his guilty plea because he failed to receive a competency hearing, the ultimate question under both claims remains the same, *i.e.*, whether petitioner's plea was invalid as a result of his alleged mental incapacity. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (Due process requires that a guilty plea be knowing, intelligent, and voluntary.); Pate v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966) (The conviction of an accused person while he is incompetent violates due process."); see also Matusiak v. Kelly, 786 F.2d 536, 542 (2d Cir. 1986) (exhaustion of claim alleging a due process violation by the trial court's acceptance of his plea as knowing and voluntary when he was mentally incapacitated); Gregory v. Chavez, No. CV F 98-6521 LJO MJS HC, 2011 WL 3815769, at *3 (E.D. Cal. Aug. 26, 2011) (concluding that if "the only evidence that a plea was unknowing and involuntary is a defendant's lack of capacity to enter a plea, the questions of capacity and understanding are uniform," and therefore, the California Court of Appeal's conclusion that "[u]nder the evidence presented in this case, capacity to understand and actual understanding, although legally distinct, are factually one and the same" was correct).

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

The Court also briefly addresses respondent's contention that he was not provided an adequate opportunity to address petitioner's claim that he is entitled to

4

equitable tolling due to his mental illness. (Objs. at 13.) Specifically, in his Objections, respondent contends that "[i]n his Reply to the Motion to Dismiss, [p]etitioner alleged for the first time that he was entitled to equitable tolling based on his mental illness" and therefore, he was not provided an adequate opportunity to address this contention. (Objs. at 12-13.) A review of the record, however, reveals that petitioner has argued repeatedly that his mental illness has adversely affected his ability to challenge his conviction, an argument which was first raised by petitioner, pro se, in the Petition. (See, e.g., Dkt Nos. 1, 6, 10, 11, 16, 21, 27, 28, 32, 36, 37.) Indeed, respondent[1] previously addressed petitioner's claim that he was entitled to equitable tolling because of his mental illness in his June 11, 2009 "Answer to Dismiss Petition for Writ of Habeas Corpus." (See Dkt. No. 18 at 5; see also Objs. at 2 ("On June 11, 2009, [r]espondent filed an Answer requesting the Petition be dismissed on the ground it was untimely and Petitioner had failed to establish he was entitled to equitable tolling as a result of alleged mental illness.").) Further, in support of petitioner's claim of a mental illness, petitioner has submitted thousands of pages of medical records on two separate occasions. Petitioner's alleged mental illness also was a basis cited by the Court in appointing petitioner counsel. (Dkt No. 38.) As such, respondent was well aware of petitioner's claim of mental illness, including as it relates to petitioner's claim of entitlement to equitable tolling. The Court therefore rejects any contention that respondent was not provided an opportunity to respond to this contention.[2]

///

---

[1] At that time, Jimmy Walker was the respondent. Tim Virga was subsequently substituted as the proper respondent because he is the Warden of California State Prison, Sacramento, where petitioner currently is incarcerated.

[2] Indeed, as the timeliness of petitioner's FAP has not yet been resolved, respondent may further address the equitable tolling argument when he files an Answer to the FAP.

5

1      IT THEREFORE IS ORDERED that (1) respondent's Motion to Dismiss based on exhaustion shall be GRANTED with leave to amend; (2) within 30 days of the service date of this Order, petitioner shall either (a) file a notice of withdrawal of Ground One of the FAP, or (b) file a request to stay the proceedings and hold the FAP in abeyance while petitioner returns to state court to exhaust his state remedies with respect to Ground One; and (3) in the event petitioner elects to withdraw Ground One of the FAP, respondent is ORDERED to file an Answer to the FAP addressing the merits of Ground Two within 30 days of the service of petitioner's notice of withdrawal. At the time the Answer is filed, respondent shall lodge all relevant state records not previously lodged, including any transcripts from the state trial court proceedings.

DATED: September 21, 2012

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE